1  MARY A. DANNELLEY (SBN 175457)
   LAW OFFICES OF MARY A. DANNELLEY
2  4 Park Plaza, Suite 100
   Irvine, CA 92614
3  Telephone: (949) 252-1600
   Facsimile: (949) 252-1611
4  Email: mary@dannelleylaw.com

5  Attorneys for Petitioner PaySystems
   Corporation
6

**FILED**

APR 1 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | PAYSYSTEMS CORPORATION, | Case No. |
| 12 | Plaintiff, | [Miscellaneous Case] |
| 13 | v. | [Case No. 500-17-021325-041 pending in Canada, Province of Quebec, District of Montreal] |
| 14 | BBG COMMUNICATIONS, INC., | |
| 15 | Defendant. | [~~PROPOSED~~] ORDER GRANTING PAYSYSTEMS' PETITION FOR ISSUANCE OF SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF RECORDS PURSUANT TO LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE |
| 16 | | |
| 17 | PAYSYSTEMS CORPORATION, | |
| 18 | Cross-Defendant/Plaintiff in Warranty, | |
| 19 | | |
| 20 | v. | [28 U.S.C. §1782] |
| 21 | RETAIL DECISIONS, INC., | |
| 22 | Defendant in Warranty. | |

23  ///
24  ///
25
26
27
28

1    The Petition of Plaintiff PaySystems Corporation for an order requiring the issuance

2   of a subpoena for personal appearance and production of records to deponent National

3   Bank of the Redwoods pursuant to a Letter of Request for International Judicial Assistance

4   issued by the Canadian tribunal in which this matter is currently pending came before this

5   Court for consideration.  Having considered the Petition, and the authorities cited,

6        IT IS HEREBY ORDERED:

7        The Petition of Plaintiff PaySystems Corporation for an order requiring the issuance

8   of a subpoena for personal appearance and production of records to deponent National

9   Bank of the Redwoods pursuant to a Letter of Request for International Judicial Assistance

10   is GRANTED.

11        1.    The subpoena for the deposition of National Bank of the Redwoods for

12   personal appearance and production of records attached as Exhibit A may issue in this

13   action now pending in this Court;

14        2.    National  Bank of the Redwoods shall produce the person(s) most

15   knowledgeable regarding the business relationship between National Bank of the

16   Redwoods and BBG Communications, Inc. and the payment processing and acquiring

17   services rendered by National Bank of the Redwoods to defendant BBG Communications,

18   Inc. (including, but not limited to, BBG's processing history including volumes and

19   number of transactions, of credits and chargebacks, chargeback levels or ratios,

20   manipulation of volumes of transactions, violations of credit card organizations' rules and

21   regulations, warnings and fines issued, announced, imposed to and/or levied against BBG

22   and any other matters relating to the business relationship with BBG for the processing of

23   payments of credit card transactions for and on behalf of BBG) for deposition on May 16,

24   2008 at 9:30 a.m. at Merrill Legal Solutions 199 Fremont Street, 9th Floor, San Francisco,

25   CA 94105 (415) 296-0300, before deposition officer Johnna Piper of Merrill Legal

26   Solutions or, in the event of her unavailability, another certified court reporter from Merrill

27   Legal Solutions.

28        3.    Johnna Piper of Merrill Legal Solutions or, in the event of her unavailability,

1 another certified reporter from Merrill Legal Solutions is appointed as Commissioner;

2      4.      The examination of the witness shall be conducted by Canadian counsel for
3 the parties;

4      5.      Objections made, if any, by the parties in the litigation shall be taken under
5 reserve, thereby allowing the witnesses to answer under reserve of an objections, and the
6 objections be ultimately decided by the Superior Court of Quebec;

7      6.      Canadian counsel for the parties is authorized to request that the witnesses
8 provide undertakings pursuant to the examinations, consisting of information and/or
9 documents no available during the examinations but which may be obtained at a later date
10 by the witnesses or representatives of National Bank of the Redwoods and such
11 information shall be communicated to Canadian counsel for the parties after the deposition
12 in compliance with this Order;

13      7.      The Commissioner may be paid a reasonable fee for her services, and the
14 deposition shall be transcribed by a duly authorized court reporter;

15      8.      All documents produced and marked for identification at the deposition shall
16 be included in the final sealed original transcript of the deposition;

17      9.      The Commissioner shall return to the Clerk of the Superior Court of Quebec
18 by registered or certified mail, within thirty (30) days of the examination, a certificate
19 endorsed upon the Commission attesting that the Commissioner has carried out his/her
20 duties as set forth in the minutes which he/she attaches and to which are attached the
21 written depositions of the witnesses and exhibits, the whole of which must be placed in a
22 sealed envelope or package that is labeled with the title of the action and indicates the
23 contents thereof and sent to the Clerk of the Court at the following address:  The Clerk,
24 Superior Court of Quebec, Montreal Court House, 1, Notre-Dame Street East, Montreal,
25 Quebec, Canada H2y 1B6;

26      10.      A note of the charges and expenses payable in respect of the execution of
27 this request shall be sent to the Clerk of the Court of the Superior Court of Quebec; and

28

1    11.    The examination of witnesses shall be completed on May 16, 2008 with a

2  minimum of fourteen (14) days' notice of the date, place and time of the examinations and

3  in no event later than May 30, 2008

4  Dated:  April 17, 2008

5                                                  By: _____

6                                                      U.S DISTRCIT COURT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PETITION FOR ISSUANCE OF SUBPOENA FOR
PERSONAL APPEARANCE AND PRODUCTION OF RECORDS

# EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
### Northern District of California

PAYSYSTEMS CORPORATION

**SUBPOENA IN A CIVIL CASE**

V.

BBG COMMUNICATIONS, INC. and
RELATED CROSS-ACTION

Case Number:[1]

TO:

NATIONAL BANK OF THE REDWOODS

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Merrill Legal Solutions, 199 Fremont Street, 9th Floor, San Francisco, CA | 5/16/08 at 9:30 a.m. |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT 1.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1    **ATTACHMENT 1 TO SUBPOENA**

2    PLEASE TAKE NOTICE that deponent National Bank of the Redwoods is not a

3    natural person.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure,

4    National Bank of the Redwoods shall designate and produce at the deposition those of its

5    officers, directors, managing agents, employees or agents who are most qualified to testify

6    on its behalf regarding the following subject matters:

7    **DEFINITIONS**

8    1.    "YOU," "YOUR" and "NBR" refers to and means deponent National Bank

9    of the Redwoods, and, where appropriate in the context, any of its parents, subsidiaries,

10   affiliates, owners, officers, directors, employees, agents, representatives, attorneys,

11   investigators, and any other persons acting on their behalves.

12   2.    "BBG" shall mean and refer to Defendant BBG Communications, Inc. and,

13   where appropriate in the context, any of its employees, agents, representatives, attorneys,

14   investigators, and any other persons acting on its behalf.

15   3.    "RDI" shall mean and refer to Defendant Retail Decisions, Inc. and, where

16   appropriate in the context, any of its employees, agents, representatives, attorneys,

17   investigators, and any other persons acting on its behalf.

18   4.    "PERSON" and "PERSONS" shall mean and include individuals, trusts,

19   firms, partnerships, corporations, associations, other business enterprises, and any

20   governmental entities.

21   5.    "DOCUMENT" and "DOCUMENTS" refer to and means electronic media,

22   including pixels and Internet, handwriting, typewriting, printing, photostating,

23   photographing, electronic transmission and every other means of recording upon any

24   tangible thing, any form of communication or representation, including letters, words,

25   pictures, sounds or symbols, or combination thereof.  All demands herein for

26   DOCUMENTS include all originals, duplicates, other copies of any nature, prior drafts,

27   and all other forms of the items demanded.

28   6.    "COMMUNICATIONS" shall mean and refer to any transfer of words or

1
ATTACHMENT 1 TO SUBPOENA

1 | other information, whether in writing, orally, electronically, or by any other means.

2 | ## SUBJECT MATTERS

3 | The business relationship between NBR and BBG and the payment processing and
4 | acquiring services rendered by NBR to defendant BBG (including, but not limited to,
5 | BBG's processing history including volumes and number of transactions, of credits and
6 | chargebacks, chargeback levels or ratios, manipulation of volumes of transactions,
7 | violations of credit card organizations' rules and regulations, warnings and fines issued,
8 | announced, imposed to and/or levied against BBG and any other matters relating to the
9 | business relationship with BBG for the processing of payments of credit card transactions
10 | for and on behalf of BBG).

11 | PLEASE TAKE FURTHER NOTICE that Deponent NBR shall produce the
12 | following DOCUMENTS at the deposition:

13 | 1.    All DOCUMENTS, including emails or electronically stored information,
14 | related to BBG, including the nature of NBR's business relationship with BBG.

15 | 2.    All DOCUMENTS, including emails or electronically stored information,
16 | that evidence, discuss, mention, refer or relate to volumes and number of transactions
17 | processed for BBG by NBR;

18 | 3.    All DOCUMENTS, including emails or electronically stored information,
19 | that evidence, discuss, mention, refer or relate to volumes and number or credits or refunds
20 | processed for BBG by NBR;

21 | 4.    All DOCUMENTS, including emails or electronically stored information,
22 | that evidence, discuss, mention, refer or relate to volumes and number of chargebacks
23 | processed for BBG by NBR;

24 | 5.    All DOCUMENTS, including emails or electronically stored information,
25 | that evidence, discuss, mention, refer or relate to volumes and number of rejects or rejected
26 | transactions processed for BBG by NBR, including all reasons for such rejected
27 | transactions;

28 | 6.    All DOCUMENTS, including emails or electronically stored information,

1  that constitute, evidence, discuss, mention, refer or relate to any and all chargeback reasons

2  or reason codes;

3       7.    All DOCUMENTS, including emails or electronically stored information,

4  that constitute, evidence, discuss, mention, refer or relate to chargeback ratios or

5  chargeback levels for BBG transactions;

6       8.    All DOCUMENTS, including emails or electronically stored information,

7  that evidence, discuss, mention, refer or relate to volume variation, manipulation or

8  shuffling by BBG or in relation to BBG transactions;

9       9.    All DOCUMENTS, including emails or electronically stored information,

10  that evidence, discuss, mention, refer or relate to violations of credit card organizations'

11  rules and regulations by BBG;

12       10.    All DOCUMENTS, including emails or electronically stored information,

13  that evidence, discuss, mention, refer or relate to fines, penalties or fees assessed against

14  either BBG or NBR in relation to BBG transactions;

15       11.    All COMMUNICATIONS between NBR and BBG, including, but not

16  limited to, any and all COMMUNICATIONS related to the subject matters of requests for

17  production 1 through 10 above.

18       12.    All COMMUNICATIONS between NBR and any other PERSON (including

19  credit card or regulatory organizations) related to BBG;

20       13.    All COMMUNICATIONS between NBR and any other PERSON (including

21  credit card or regulatory organizations) related to the subject matters of requests for

22  production 1 through 10 above.

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF ORANGE

3

4      I am an attorney admitted to practice in the State of California.  I am over the age of
18 and not a party to the within action.  My business address is 4 Park Plaza, Suite 100,
5  Irvine, California 92614.

6      On April 10, 2008, I served on the interested parties in said action the within:

7      **[PROPOSED] ORDER GRANTING PAYSYSTEMS' PETITION FOR
ISSUANCE OF SUBPOENA FOR PERSONAL APPEARANCE AND
8      PRODUCTION OF RECORDS PURSUANT TO LETTER OF REQUEST
FOR INTERNATIONAL JUDICIAL ASSISTANCE**

9

10  ☒  **BY MAIL**:  I placed true copies thereof in sealed envelope(s) addressed as stated on
the attached mailing list, on the above-mentioned date.  I deposited the sealed envelope
11      on the above-mentioned date with the United States Postal Service with postage fully
prepaid for mailing to the persons identified above.

12  ☐  **BY EMAIL:**  From mary@dannelleylaw.com at _____ a.m./p.m., I emailed each
such document to the parties at the email addresses indicated on the service list below,
13      pursuant to C.C.P. §1010.6(6) and C.R.C. Rules 2056(a)(4) and 2060.

14  ☐  **BY FACSIMILE**:  From facsimile number (949) 252-1611 at _____ a.m./p.m., I
caused each such document to be transmitted by facsimile machine, to the parties and
15      numbers indicated on the attached mailing list, pursuant to Rule 2008.  The facsimile
machine I used complied with Rule 2003(3) and no error was reported by the
16      machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission
record of the transmission, a copy of which is attached to the original of this
17      declaration.

18  ☒  **BY FEDERAL EXPRESS NEXT DAY AIR (counsel only)**:  On the above-
mentioned date, I placed a true copy of the above mentioned document(s) in a sealed
19      envelope or package designated by Federal Express with delivery fees paid or provided
for, addressed to the person(s) as indicated above and deposited same in a box or other
20      facility regularly maintained by Federal Express or delivered same to an authorized
courier or driver authorized by Federal Express to receive documents.
21

22  ☐  **(STATE)**      I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

23

24      Executed on April 10, 2008.

25  _____
                                        Mary A. Dannelley

26

27

28

## <u>SERVICE LIST</u>

| | |
|---|---|
| Mtre. Jacques Rossignol<br>Lapointe Rosenstein<br>1250, René-Lévesque West Boulevard<br>Suite 1400<br>Montréal (Québec)  H3B 5E9<br>Tel: (514) 925-6336<br>Fax: (514) 925-5036 | Counsel for BBG Communications, Inc. |
| Mtre. George J. Pollack<br>Davies Ward Phillips & Vineberg, LLP<br>1501, McGill College Avenue<br>26th Floor<br>Montréal (Québec)  H3A 3N9<br>Tel: (514) 841-6420<br>Fax: (514) 841-6499 | Counsel for Retail Decisions, Inc. |
| Mtre. Emil Vidrascu<br>Lavery, de Billy,  L.L.P.<br>Suite 4000 - 1 Place Ville Marie<br>Montreal, Quebec H3B 4M4<br>Telephone: 514 877-3007<br>Fax: 514 871-8977 | Counsel for PaySystems Corporation |
| Rafael Galicot<br>1658 Gailes Blvd., Suite B<br>San Diego, CA 92154<br><br>(Via Mail Only) | Registered Agent for Service of Process in California for BBG Communications, Inc. |
| Xavier Kris<br>525 University Avenue, Suite 230<br>Palo Alto, CA 94301<br><br>(Via Mail Only) | Registered Agent for Service of Process in California for Retail Decisions, Inc. |

2

ORDER GRANTING PETITION FOR ISSUANCE OF SUBPOENA FOR
PERSONAL APPEARANCE AND PRODUCTION OF RECORDS
